Bliss Heberlein GREEN, Plaintiff—
Appellant,

v.

CITY OF EUGENE, Defendant—
Appellee.

No. 02–36066.
D.C. No. CV–99–06192–MRH.

United States Court of Appeals,
Ninth Circuit.

Submitted July 21, 2003.

Decided Aug. 1, 2003.

Before LEAVY, HAWKINS, and
RAWLINSON.

### MEMORANDUM *

Bliss Heberlein Green (Green) was convicted of Driving Under the Influence of Intoxicants on or about March 4, 1999 in Eugene, Oregon. Green's appeals to the Oregon Court of Appeals and Oregon Supreme Court were denied. Green's subsequent complaint against the City of Eugene arising out of his arrest and conviction filed in federal district court was dismissed. Fed.R.Civ.P. 12(b)(6). Green appeals. We affirm.

We have jurisdiction to review the district court's final order and judgment under 28 U.S.C. § 1291. We review *de novo*

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

a dismissal under Fed.R.Civ.P. 12(b)(6). *Oxygenated Fuels Ass'n Inc. v. Davis,* 331 F.3d 665, 667 (9th Cir.2003).

## I

■ Under 42 U.S.C. § 1983, Green must first prove that his conviction has been reversed, expunged, declared invalid, or called into question by way of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck v. Humphrey,* 512 U.S. 477, 486–487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). A conviction that has not been invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* at 487, 114 S.Ct. 2364. Unless Green can demonstrate that his conviction has been invalidated, Green's complaint must be dismissed. *Id.* Green has not demonstrated any of the above pre-requisites for a 42 U.S.C. § 1983 claim. The district court correctly dismissed the action.

## II

■ Green also argues that his claim under 42 U.S.C. § 2000d should not have been dismissed. Green has not sufficiently alleged discrimination or intent to discriminate. *Monteiro v. Tempe Union High School Dist.,* 158 F.3d 1022, 1026 (9th Cir. 1998). Green's complaint merely mentions 42 U.S.C. § 2000d by title, which does not suffice to state a claim for which relief can be granted.

## III

■ Green alleges a "reverse false claims act". 31 U.S.C. § 3729. Green says that his criminal charge was fraudulent. A claim made under 31 U.S.C. § 3729 must allege that (1) defendants made a claim against the United States; (2) that was false or fraudulent; (3) with knowledge of the falsity or fraud. *United States v. Kitsap Physicians Service,* 314 F.3d 995, 1000 (9th Cir.2002). Green

failed to assert that any claim was made against the United States or that defendants had knowledge of a falsity or fraud. The district court correctly dismissed the claim.

AFFIRMED.